Roman **RAMIREZ-MEMIJE**, Appellant

v.

The **STATE OF TEXAS.**

No. PD–0378–13.

Court of Criminal Appeals of Texas.

Sept. 17, 2014.

Allen C. Isbell, Houston, TX, for Appellant.

John R. Messinger, Assistant State Prosecuting Attorney, Lisa C. McMinn, State's Attorney, Austin, TX, for The State.

## OPINION

MEYERS, J., delivered the opinion of the Court in which KEASLER, HERVEY, COCHRAN, and ALCALA, JJ, joined.

Appellant, Roman Ramirez–Memije, was charged with fraudulent possession of identifying information under Texas Penal Code Section 32.51(b).[1] A jury found him guilty and sentenced him to three years' imprisonment. He appealed, arguing that the trial court erred in failing to instruct the jury on voluntary conduct under Section 6.01 and on presumptions under Section 2.05 of the Penal Code, and erred in admitting testimony that he was from Mexico and was working illegally in the United States. The court of appeals reversed the trial court's judgment and remanded the case for further proceedings. *Ramirez–Memije v. State,* 397 S.W.3d 293 (Tex.App.–Houston [14th Dist.] 2013). The State filed a petition for discretionary review, which we granted to consider the following question:

> Is a defendant entitled to an instruction on voluntary possession when he claims he did not know the forbidden nature of the thing he possessed, or is his defense

1. Unless otherwise specified, all future references to Sections refer to the Texas Penal Code.

merely a negation of his knowledge of surrounding circumstances that is required by Section 6.03(b)?

We hold that Appellant was not entitled to the requested instruction, and we reverse the decision of the court of appeals. We remand the case to the court of appeals for consideration of Appellant's remaining issues.

## FACTS

Appellant received a credit-card skimming device from Dante Salazar and delivered it to Antonio Cercen, who worked as a waiter at a restaurant. Cercen used the skimmer to collect restaurant customers' identifying information and credit-card numbers and then returned the skimmer to Appellant. Several customers reported unauthorized credit-card purchases after dining at the restaurant, and an investigation revealed that all of the complaining customers had been waited on by Cercen. Cercen agreed to assist in the investigation, and agents set up a sting operation. The next time Appellant delivered the skimmer to Cercen, agents found identifying information on the skimmer and arrested Appellant. Appellant then agreed to help agents and set up delivery of the skimmer to Salazar.

Appellant was indicted for fraudulent possession of identifying information. At trial, Appellant claimed that he did not know what the skimming device was and did not know what information it contained. He said that he did not receive any benefits from participating in the credit-card skimming operation. Appellant requested a jury charge regarding the requirement of a voluntary act or omission under Penal Code section 6.01.[2] The trial court denied his request. The instructions to the jury included the statutory language defining intent and knowledge found in Section 6.03.[3] The jury found Appellant guilty and sentenced him to three years' confinement.

## COURT OF APPEALS

Appellant appealed his conviction, claiming that the trial court erred by refusing to include his requested jury instruction on voluntary conduct under Section 6.01 and an instruction on presumptions under Section 2.05. He also challenged the admission of testimony that he was from Mexico and was working illegally in the United States. The court of appeals looked to the plain language of Section 6.01(b) and determined that "the thing possessed" referred to the item of contraband prohibited by the statute. *Memije*, 397 S.W.3d at 298. The court reasoned that, because there is no offense for possession of the skimmer, "the thing possessed" here must mean the identifying information. *Id.* The court of appeals stated that, although Section 6.01(b) contains an element of mens rea because it says "knowingly" and

2. Penal Code Section 6.01 states:
   (a) A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession.
   (b) Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control.

3. Penal Code Section 6.03 states:
   (a) A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.
   (b) A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

"aware of," the concepts of actus reus and mens rea are separate. *Id.* at 299. The court of appeals concluded that Appellant was entitled to a jury charge on voluntary act under Section 6.01(b) because there was evidence that he did not know that the skimmer contained identifying information, thus the evidence raised the issue of whether his possession was voluntary. *Id.* at 301. Finding some harm to Appellant, the court of appeals reversed the trial court's judgment and declined to address the remaining issues. *Id.* at 304.

## ARGUMENTS OF THE PARTIES

### State's Argument

The State argues that the court of appeals erred in concluding that Appellant was entitled to an instruction on voluntary possession. The State contends that, to establish unlawful possession, the State has always had to show that the accused knew that what he possessed was contraband. Thus, according to the State, the question here is whether the requirement that the State prove a defendant's knowledge of the forbidden nature of the thing possessed is a function of mens rea or the general requirement of voluntariness. The State says that knowing you possess something is different from knowing that what you possess is contraband. The State cites the example that the "intent to harm or defraud" listed in the possession of identifying information offense is similar to the intent listed for forgery under Section 32.21, which requires knowledge that the item passed or possessed is forged. Thus, the State reasons that the fraudulent possession of identifying information also requires knowledge of the nature of the thing possessed. According to the State, the Model Penal Code says that the "thing possessed" refers to "the physical object, not to its specific quality or properties" and that "the extent to which the

defendant must be aware of such specific qualities or properties is a problem of mens rea."

The State concludes that the knowledge of the nature of the thing possessed is a required culpable mental state and is different from voluntary conduct. Because it was undisputed that Appellant knowingly obtained or received the skimmer from Cercen, he was not entitled to an instruction on voluntariness.

### Appellant's Argument

Appellant states that the court of appeals correctly determined that the requirement of a voluntary act under Section 6.01 is not subsumed by the mens rea requirement. Appellant argues that he was entitled to an instruction on voluntary conduct under Section 6.01(b) because the evidence raised the issue of whether his possession was voluntary. Appellant states that "if evidence raises a fact issue as to an accused's possession of contraband, the jury must be instructed on what constitutes possession under the law, which includes a § 6.01(b) instruction, as well as a *mens rea* instruction." Appellant argues that if the issue is raised, both instructions must be given.

Appellant states that the court of appeals correctly interpreted the "thing possessed" as the contraband alleged in the indictment and notes that the indictment charged him with possession of identifying information, not with possession of the skimmer. Appellant concludes that the "trial court did not instruct the jury regarding the law of possession as enacted by the legislature in Texas Penal Code § 6.01, either in its abstract portion or in the application section of the jury charge. Therefore, the jury was induced to believe that appellant was guilty, if he possessed the skimmer, whether he knew that the

skimmer contained illegally obtained identifying information."

## CASELAW AND STATUTES

Penal Code Section 32.51(b) states that "A person commits an offense if the person, with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of: (1) identifying information of another person without the other person's consent; . . . (b–1) For the purposes of Subsection (b), the actor is presumed to have the intent to harm or defraud another if the actor possesses: (1) the identifying information of three or more other persons." The jury charge here tracked the language from the statute and said, "You are instructed that the defendant is presumed to have the intent to harm or defraud another if the defendant possesses the identifying information of three or more other persons."

During the jury charge conference, Appellant cited *Evans v. State*, 202 S.W.3d 158 (Tex.Crim.App.2006). Appellant said that the proper law to apply to possession is the law that has been established in drug cases and wanted the court to add a sentence to the jury charge stating that Appellant knew that the matter possessed was identifying information. Appellant focused on the part of *Evans* that said that the State must prove "that the accused knew the matter possessed was contraband" and wanted the trial court to instruct the jury that the State must prove that Appellant knew that the matter possessed was identifying information. After reviewing *Evans*, the trial court refused to include Appellant's requested instruction.

*Evans* discussed the necessity of linking the contraband to the accused to protect innocent bystanders, relatives, roommates, or friends from being convicted for possession due merely to their proximity to another's contraband. *Evans* analyzed the sufficiency of the evidence linking the defendant to drugs found during a police search of a house. We did not discuss Section 6.01(b) in that case because the issue in *Evans* was whether the defendant exercised care, custody, control, or management of the substance. Thus, the question in *Evans* was whether he actually possessed the contraband, not whether his possession of the contraband was a voluntary act.

We did discuss Section 6.01 in *Farmer v. State*, 411 S.W.3d 901 (Tex.Crim.App. 2013), in which we considered whether the trial court erred in failing to give an instruction on voluntary act. Farmer was convicted of driving while intoxicated. He argued that the jury should have been instructed on voluntary act under Section 6.01(a) because he presented evidence at trial that he believed that he was taking a different medication when he mistakenly took a sleeping pill. We concluded that Farmer was not entitled to an instruction on voluntary act because he voluntarily took a pill. We reasoned that the proper inquiry was whether Farmer voluntarily picked up and ingested prescription medication prior to driving. The consequences of Farmer's voluntary act of taking a pill may have been unintended because he accidently took the wrong pill, but the ingestion of a pill was a voluntary act.

## ANALYSIS

■ The general requirements for an offense to have been committed are an actus reus and a mens rea. Penal Code Section 6.01 covers actus reus and requires that a person voluntarily engage in an act, omission, or possession. Criminal responsibility is established if the person voluntarily engaged in the act, omission, or possession with the mental state required for the specific offense. TEXAS PENAL CODE § 6.02(a). While a voluntary act is usually

some sort of bodily movement, possession is shown by care, custody, control, or management. *Id.* at § 1.07(a)(39). Thus, knowingly receiving an object is a voluntary act under Section 6.01(b); knowing the forbidden nature of the object that is knowingly possessed is the culpable mental state under Section 6.03.

Appellant's argument is that the possession was not a voluntary act because he did not know that the skimmer contained identifying information. We disagree. If there was evidence that the skimmer had been slipped into Appellant's bag without his knowledge, then there may be a question of voluntary possession and Appellant may have been entitled to an instruction regarding the requirement of a voluntary act. But here it is undisputed that Appellant knowingly had the skimming device, which contained the identifying information, in his possession. Appellant knowingly received the skimming device and knew that he was transferring the device. This satisfies the requirement of a voluntary act under Section 6.01.

Appellant said that he did not know that his conduct was illegal or that the device was contraband because he did not know what the device was or what was on the device. He said he did not receive anything in return for transferring the device between Cercen and Dante Salazar. The jury heard this testimony and the testimony of agents who said that Appellant told them that he was given cash and electronics for transferring the device. This evidence goes to the mens rea of intent to harm or defraud, upon which the jury was properly instructed.

For example, if a defendant were arrested while transporting a package for a friend and police determined that the package contained marijuana, the defendant could claim at trial that he did not know what the package contained, that he did not know the package contained marijuana, or that he thought the package contained oregano, and that he did not knowingly or intentionally possess marijuana. The jury would then have to decide whether to believe his claim that he did not have the requisite mens rea for the possession of marijuana offense. *See* HEALTH AND SAFETY CODE § 481.121(a). The defendant could not, however, claim that his possession of the package filled with marijuana was an involuntary act because he knowingly accepted the package from his friend.

## CONCLUSION

Appellant was not entitled to an instruction on voluntary conduct and the trial court did not err in denying Appellant's motion to include a 6.01 instruction. The judgment of the court of appeals is reversed, and the case is remanded for consideration of Appellant's remaining issues.

PRICE, J., filed a dissenting opinion in which KELLER, P.J., and WOMACK and JOHNSON, JJ., joined.

PRICE, J., filed a dissenting opinion in which KELLER, P.J., and WOMACK and JOHNSON, JJ., joined.

The Court holds that, because it is undisputed that the appellant knowingly possessed the skimmer, he is not entitled to an instruction under Section 6.01(b), which depicts the circumstances under which "possession" may constitute a "voluntary act" under the Texas Penal Code.[1] But, as

---

1. Majority Opinion at 625. *See* TEX. PENAL CODE § 6.01(a) ("A person commits an offense only if he voluntarily engages in conduct, including ... possession."); § 6.01(b) ("Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a suffi-

the court of appeals took great pains to emphasize in its opinion, the indictment in this case did not allege that the appellant possessed the skimmer.[2] It alleged that he possessed more than ten items of "identifying information," those being the "electronic identification number[s]" of a dozen individuals—credit card numbers. The appellant admitted possessing the skimmer, but he testified that he did not even know what a skimmer was, much less that it contained such "identifying information."[3] Because the skimmer was not "the thing possessed" in contemplation of Section 6.01(b), the court of appeals rejected the State's argument that no voluntary act instruction was necessary because the evidence showed he "knowingly obtain[ed]" the skimmer, asking itself, rather, whether it was contested that the appellant "knowingly obtain[ed]" the identifying information.[4] Today the Court entirely ignores this distinction, though it was the linchpin in the court of appeals's analysis.

The Court observes that the appellant might have been entitled to an instruction on possession as a voluntary act under Section 6.01(b) if there had been evidence that he did not knowingly obtain the skimmer—if it had been slipped into his bag unbeknownst to him, for example. I do not disagree that, under those circumstances, the appellant would have been entitled to such an instruction, since he would not have been aware of possessing *either* the skimmer *or* the identifying information contained therein. But I disagree that this would be the *only* set of circumstances that could justify submitting the Section 6.01(b) instruction. The Court seems to rely on our recent opinion in *Farmer v. State* for the proposition that the appellant need not be aware of the contents of the skimmer in order for his possession of it to constitute a voluntary act for purposes of Section 6.01(b).[5] But *Farmer* involved a prosecution for driving while intoxicated, so the concept of possession as a voluntary act, and therefore Section 6.01(b), was not implicated there.[6] *Farmer* is largely inapposite here.

The Court concludes that the appellant's testimony that "he did not know what the device was or what was on the device" entitles him to no more than an ordinary jury instruction regarding the culpable mental state for the offense in question—that he must have possessed the identifying information in this case with the specific "intent to harm or defraud another[.]"[7] Again, I do not disagree that, if the jury believed that the appellant was unaware that the skimmer even contained any identifying information, it would almost certainly conclude that he lacked the requisite specific intent to harm or defraud anyone.

cient time to permit him to terminate his control.").

2. *Ramirez–Memije v. State,* 397 S.W.3d 293, 297–98 (Tex.App.–Houston [14th Dist.] 2013).

3. *Id.* at 296, 303.

4. *Id.* at 298.

5. Majority Opinion at 627 (discussing *Farmer v. State,* 411 S.W.3d 901 (Tex.Crim.App. 2013)).

6. In *Farmer,* the appellant claimed to have been mistaken about the pharmaceutical content of certain pills he had taken before driving. 411 S.W.3d at 902. We held that his mistake with regard to the content of the pill did not render his act of ingesting it involuntary for purposes of Section 6.01(a). *Id.* at 907–08. Our opinion contains no discussion of possession as a voluntary act under Section 6.01(b).

7. Majority Opinion at 627. *See* Tex. Penal Code § 32.51(b)(1) ("A person commits an offense if the person, with the intent to harm or defraud another, ... possesses ... an item of ... identifying information of another person without the other person's consent[.]").

But while this circumstance might properly inform a some-harm analysis under *Almanza v. State*,[8] it does not necessarily resolve the question of whether it was error for the trial court to refuse the appellant's request for a possession-as-a-voluntary-act instruction under Section 6.01(b). The answer to that question turns on an exegesis of Section 6.01(b) itself, which—unlike the court of appeals[9]—the Court today does not undertake.

In its treatment of the issue, the court of appeals observed that "the 'voluntary act' of possession seemingly involves an overlap between actus reus and mens rea."[10] I think this is undoubtedly correct. Under Section 6.01(a) of the Penal Code, a person commits an offense only if he voluntarily engages in "conduct," including "an act, an omission, or possession."[11] An "act" "means bodily movement, whether voluntary or involuntary[.]"[12] An "omission" is a "failure to act."[13] And Section 6.01(b), in turn, defines "possession" as a "voluntary act if the possessor *knowingly* obtains or receives the thing possessed or is *aware* of his control of the thing for a sufficient time to permit him to terminate his control."[14] Thus, actus reus and mens rea seemingly merge.

As the practice commentary to Section 6.01 of the 1974 Penal Code noted, "[a]lthough possession is often treated in the criminal law as the equivalent of an act, it is not strictly speaking a bodily movement so subsection (b) [of Section 6.01] is necessary to treat it as such."[15] And as the court of appeals aptly observed, "the unique character of 'possessory' offenses has always plagued and confounded the bench and bar, for it defies analysis by the general methodology of viewing the major components of offenses as 'conduct' distinct from 'intent.'"[16] Given this hybridization of conduct and intent as reflected in Section 6.01(b), it does not suffice for the Court today simply to conclude that a proper jury instruction with respect to mens rea wholly obviates the need to also instruct the jury with respect to the possession-as-a-voluntary-act component of the actus reus. The appellant may be legally entitled to both instructions. While failing to submit one to the jury under appropriate circumstances may not always prove even to generate "some harm" in light of submission of the other, that does not mean that the failure did not constitute error in the first place.

So what exactly does Section 6.01(b) require, then, in the way of an instruction in possession-related offenses? An accused is guilty of such an offense "only if" he voluntarily engages in the conduct of possession, and such conduct is voluntary "if the possessor knowingly obtains or receives the thing possessed[.]"[17] I think it

8. 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (opinion on State's motion for reh'g).

9. *Ramirez–Memije*, 397 S.W.3d at 298–300.

10. *Id.* at 299.

11. TEX. PENAL CODE § 6.01(a). Oddly enough, "conduct" is defined in the Penal Code to be "an act or omission *and its accompanying mental state.*" TEX. PENAL CODE § 1.07(10) (emphasis added).

12. TEX. PENAL CODE § 1.07(1).

13. TEX. PENAL CODE § 1.07(34).

14. TEX. PENAL CODE § 6.01(b) (emphasis added).

15. TEX. PENAL CODE § 6.01 (West 1974) (Practice Commentary at 81).

16. *Ramirez–Memije*, 397 S.W.3d at 298 (quoting *Gorman v. State*, 634 S.W.2d 681, 685 (Tex.Crim.App.1982) (Clinton, J., concurring)).

17. TEX. PENAL CODE § 6.01(a), (b).

is clear enough that, in order to voluntarily possess "the thing possessed" for purposes of this provision, the accused need not be aware of "the nature of the thing possessed" so long as he knows that, whatever it is, he does indeed possess it.[18] What if he does not know he possesses it? One clear example of this would be the Court's slipping-the-skimmer-into-the-appellant's-bag hypothetical. Under these circumstances, the appellant does not even realize he possesses the skimmer, much less any identifying information contained therein. But does that reflect the only circumstance in which it can be said that an accused may possess a thing without knowing it?

Suppose "the thing possessed" were a box, and the evidence showed that the accused had shaken the box so that he was aware that there was *something* inside it, though he was manifestly unaware of the nature of "the thing possessed." Under these circumstances, I would agree that the accused would know that he had "obtain[ed]" the contents of the box (whatever those contents may be), and he would not be entitled to an instruction under Section 6.01(b). But suppose, instead, that what the accused knowingly possessed was, by all available perception, simply a solid cube; but that, unbeknownst to him, the solid cube contained contraband embedded in its interior. The fact that the accused did not know that the content of the cube was *contraband* would not entitle him to a Section 6.01(b) instruction—that would purely be a question of his culpable mental state. But the fact that he cannot have been expected to know that *anything* might be contained within a solid cube may well mean that he does not *voluntarily* possess what is within it, for purposes of

Section 6.01(b), regardless of whether he is aware of its nature. Because the nature of the thing he knowingly possessed gave him no basis to infer that he also possessed something in its interior, he cannot be said to have knowingly possessed "the thing possessed" inside. Under these circumstances, in addition to those that the Court concedes, I should think that the accused would be entitled to a Section 6.01(b) instruction.

In this case, the appellant's testimony raised the possibility that he simply did not have any way to know that the skimmer contained "the thing possessed" under the indictment-the identifying information. If the appellant genuinely did not know what a skimmer was, then the situation is more like the solid cube in my hypothetical than the rattling box. The appellant would have no basis to suspect that the skimmer was a container for holding *anything*, much less identifying information, which was "the thing possessed" in contemplation of the indictment. This being so, I agree with the court of appeals that the appellant was entitled to his requested Section 6.01(b) instruction.

I also agree with the lower court that the failure to give that instruction was manifestly harmful under the facts of this case. It is true that the trial court instructed the jury that, in order to convict the appellant, it would have to find that he possessed the identifying information with the specific intent to harm or defraud another. Under ordinary circumstances, one would think that a rational jury would be loathe to find such a specific intent if it did not believe at a minimum that the appellant was aware that the skimmer contained

18. *See* Tex. Penal Code § 6.01 (West 1974) (Practice Commentary at 81) ("The subsection [Section 6.01(b)] does not determine whether an actor must know the nature of the thing possessed or just know that he possesses a thing; this issue is determined by the definition of the specific (possessory) offense involved, *e.g., Rodriguez v. State,* 372 S.W.2d 541 (Tex.Crim.App.1963) (must know capsule possessed contained barbiturate).").

the identifying information alleged in the indictment. An ordinary mens rea instruction should have adequately served the appellant's interest, rendering the erroneous absence of a requested Section 6.01(b) jury instruction harmless. But this is not an ordinary case.

With respect to the specific intent to harm or defraud another, the jury in this case was instructed "that the defendant is presumed to have the intent to harm or defraud another if the defendant possesses the identifying information of three or more other persons." [19] The jury was *not*, however, also instructed with respect to the "consequences" of such an instruction, as mandated by Section 2.05(a)(2) of the Penal Code.[20] Thus, the jury was equipped to find the requisite specific intent in this case without ever having to make a determination *at all* regarding whether the appellant was *aware* that he possessed *any* of the identifying information. Without Section 2.05(a)(2)'s qualifying instructions, the jury was essentially told that it *must* presume the requisite intent from the mere fact that the appellant possessed identifying information belonging to at least three people-regardless of whether he *knew* he possessed that identifying information. Because the evidence was undisputed that the appellant actually (if perhaps unknowingly) did possess identifying information of more than three people, the odds are high that the appellant's jury never bothered to determine—either as a matter of mens rea or actus reus—whether the appellant was ever aware that, by

possessing the skimmer, he had also possessed identifying information. This is especially so in light of the State's repeated insistence at trial and in final arguments that all the jury needed to find was that the appellant knowingly possessed the skimmer, as chronicled by the court of appeals's opinion.[21]

Because I believe the court of appeals correctly resolved this issue, and almost certainly reached the proper disposition of the case, I respectfully dissent.

remands the cause for further proceedings, wherein that court will almost certainly reverse the conviction again on the basis of the appellant's third point of error. *See Hollander v. State*, 414 S.W.3d 746, 753–56 (Tex.Crim. App.2013) (Cochran, J., concurring).

---

**19.** Tex. Penal Code § 32.51(b–1)(1).

**20.** Tex. Penal Code § 2.05(a)(2). Indeed, the appellant asserted this defect in the presumption instruction in his third point of error on appeal. *Ramirez–Memije*, 397 S.W.3d at 297. Given its disposition of the present issue, however, the court of appeals did not address it. *Id.* at 304 n. 16. The Court today reverses the judgment of the court of appeals and

**21.** *Ramirez–Memije*, 397 S.W.3d at 302–04.